UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN LLOYD STENSRUD, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-05456 |
| NIC, INC. d/b/a NEMO'S INVESTIGATIONS AND COLLECTIONS, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, JOHN LLOYD STENSRUD ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of NIC, INC. d/b/a NEMO'S INVESTIGATIONS AND COLLECTIONS ("Defendant"), as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a 31 year old natural person residing at 3543 Woodside Court, Joliet, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. From its office at 14631 N. Cave Creek Road, Suite 201, Phoenix, Arizona, Defendant is in the business of collecting the delinquent consumer debts of others, including a utility debt allegedly owed by Plaintiff.

7. Defendant is an Arizona corporation that regularly conducts business in multiple states, including Illinois.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. On its correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1994.[1]

## FACTS SUPPORTING CAUSES OF ACTION

10. Over the last several years, Plaintiff has incurred various debts that he has been unable to pay due to on and off employment. As a result, Plaintiff has been contacted by a number of different companies seeking payment. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

11. One of the debts that Plaintiff defaulted on was a utility bill ("subject consumer debt") owed to Johnson Utilities, LLC ("Johnson"). The subject consumer debt originated from water services that Plaintiff received at his residence while living in Arizona.

---

[1] http://www.acainternational.org/memberdirectory.aspx

12. Upon information and belief, Johnson turned the collection of the subject consumer debt over to Defendant after Plaintiff's default.

13. In an effort to find out who he may owe money to, Plaintiff pulled his credit report in April 2016. Included on the report was an entry for Defendant in the amount of $116.00. *See* Exhibit A.

14. Not being familiar with Defendant and seeking further information, Plaintiff called it on May 4, 2016. *Id.*

15. Upon calling, Plaintiff was greeted with a pre-recorded message which stated that Defendant was a debt collector and the call was being recorded. Plaintiff was then connected to a male representative named Mark Burns ("Burns"). *Id.*

16. Plaintiff advised Burns that he had pulled his credit report and was looking for information. After initially not finding Plaintiff's name in Defendant's system, Burns was able to find the account via a social security number. *Id.*

17. Burns confirmed that Defendant was collecting for Johnson on a balance of $172.85. He went on to state that because the subject consumer debt was from 2013, it has accrued $56.36 worth of interest. *Id.*

18. Plaintiff inquired into the availability of settlement options. Burns replied that Johnson did not offer settlements, but Defendant would split the interest with Plaintiff and settle for $144.49. *Id.*

19. Following the first call with Defendant, Plaintiff reviewed the numbers provided to him by Burns. Still having questions, Plaintiff called Defendant back a short time later. After hearing the same pre-recorded message as the first call, Plaintiff was connected to Burns. *Id.*

20. During the second call with Plaintiff, Burns stated that the principal balance of the subject consumer debt without interest was $116.49. *Id.*

21. The information provided by Defendant confused Plaintiff and caused him to question its ability to collect on the subject consumer debt. *Id.*

22. Upon information and belief, Defendant routinely provides consumers with conflicting information regarding settlement offers and interest.

23. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's collection actions.

24. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

25. Plaintiff has been misled by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section: The false representation of the character, amount, or legal status of any debt; The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§1692e, e(2)(A), and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

27. Defendant violated 15 U.S.C. §§1692e, e(2)(A), e(10), and f during the May 4, 2016 phone calls with Plaintiff. During the calls, Plaintiff was advised by Burns that the total balance of the subject consumer debt was $172.85 which included principal of $116.49 and interest of $56.36. Defendant extended Plaintiff a settlement offer of $144.49 for what it characterized as

4

taking half off the accrued interest. However, examination of Defendant settlement offer and statements shows that the amounts presented do not equate. Based on Defendant's assertion that it would cut the interest in half, the settlement amount offered should have been $144.67.

28. Defendant was not under any obligation to present Plaintiff with a settlement offer. However, because it did so, the FDCPA imposes a duty to make the statements surrounding the settlement offer true and accurate. Defendant's representation that it was cutting the interest in half by offering a settlement of $144.49 was false and misleading. By calling Defendant a second time, Plaintiff displayed his confusion and concern over the information he had received.

29. Defendant will likely point to the fact that the $144.49 is actually a lower settlement amount than cutting the interest in half and therefore its false statements were not material. However, Plaintiff vehemently disagrees with this preposition. Plaintiff is not concerned over the $.19 variance but rather what the inaccurate information represented. Having no prior business relationship with Defendant, Plaintiff was already dubious of its ability to legally collect on the subject consumer debt. Defendant's false and misleading statements served to heighten Plaintiff's confusion and skepticism.

30. As an experienced and sophisticated debt collector, Defendant is under an affirmative duty not to engage in false or misleading communications with consumers. Defendant breached this duty by presenting Plaintiff with conflicting information regarding settlement of the subject consumer debt.

31. As plead in paragraphs 21 through 25, Plaintiff has been misled and suffered damages as a result of Defendant's illegal collection actions.

WHEREFORE, Plaintiff, JOHN LLOYD STENSRUD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 22, 2016                    Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com
davidklain@aol.com

6